1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   MARK VINCENT HALL, BBK134,              )
                                            )
10              Plaintiff(s),               )        No. C 12-2340 CRB (PR)
                                            )
11         v.                               )        ORDER OF SERVICE
                                            )
12   HAYWARD POLICE DEP'T, et al.,          )
                                            )
13              Defendant(s).               )
    _____        )

14

15          Plaintiff, a pretrial detainee at Alameda County's Santa Rita Jail, has filed

16   a pro se complaint for damages under 42 U.S.C. § 1983 alleging excessive force

17   during arrest and unlawful arrest and prosecution due to various misconduct.

18   Plaintiff also seeks dismissal of the criminal charges against him.

19                              **DISCUSSION**

20   A.      Standard of Review

21          Federal courts must engage in a preliminary screening of cases in which

22   prisoners seek redress from a governmental entity or officer or employee of a

23   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24   claims or dismiss the complaint, or any portion of the complaint, if the complaint

25   "is frivolous, malicious, or fails to state a claim upon which relief may be

26   granted," or "seeks monetary relief from a defendant who is immune from such

27   relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

The use of excessive force in the context of an arrest or investigatory stop of a free citizen may violate the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989).  Here, plaintiff's allegations that Hayward police officers M. Troche, M. Miller, J. Faria and C. Norris used excessive force while arresting him (e.g., slammed him onto ground head first and dragged him through driveway) appear to state a cognizable claim under § 1983, when liberally construed, and will be served on these four defendants.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986) (allegation of use of excessive force by law enforcement officer in effectuating arrest states claim under § 1983), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989).[1]

But plaintiff's allegations of misconduct implicating the unlawfulness of his arrest and prosecution (entering premises without a warrant or probable cause, tampering with evidence, malicious prosecution, false imprisonment, etc.) will be stayed until plaintiff's criminal case is ended.  See Wallace v. Kato, 549 U.S. 384, 393-94(2007).  If plaintiff is later convicted, and if the stayed allegations state a claim which would impugn that conviction, Heck v. Humphrey, 512 U.S. 477

---

[1]The City of Hayward and the Hayward Police Department are dismissed in connection with this claim because a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior and plaintiff sets forth no other basis for municipal liability.  See Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997).

2

1    (1994), will require dismissal; otherwise, the claim may then proceed.  See

2    Wallace, 549 U.S. at 394.[2]

3        Finally, plaintiff's request for dismissal of the charges against him must be

4    dismissed without prejudice.  To whatever extent plaintiff seeks to challenge the

5    legality of his detention, his sole remedy is to file a petition for writ of habeas

6    corpus under 28 U.S.C. § 2241 after exhausting state judicial remedies.  See

7    McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Carden v. Montana,

8    626 F.2d 82, 83-84 & n.1 (9th Cir. 1980).

9        In sum, this action will proceed only as to plaintiff's § 1983 claim for

10   damages for use of excessive force during arrest against Hayward police officers

11   M. Troche, M. Miller, J. Faria and C. Norris.

## CONCLUSION

13   For the foregoing reasons and for good cause shown,

14       1.    The clerk shall issue summons and the United States Marshal shall

15   serve, without prepayment of fees, copies of the complaint in this matter, all

16   attachments thereto, and copies of this order on Hayward police officers M.

17   Troche, M. Miller, J. Faria and C. Norris.  The clerk also shall serve a copy of

18   this order on plaintiff.

19       2.    In order to expedite the resolution of this case, the court orders as

20   follows:

21           a.    No later than 90 days from the date of this order, defendants

22   shall serve and file a motion for summary judgment or other dispositive motion.

23

24           [2]Plaintiff's general allegations of police and municipal negligence may be
dismissed now because it is well established that the Constitution does not
25   guarantee due care on the part of state officials; liability for negligently inflicted
harm is categorically beneath the threshold of constitutional due process.  See
26   County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Davidson v. Cannon,
474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986).

28                                      3

A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice.  <u>Id.</u> (notice requirement set out in <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

        If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.      Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, slip op. at 7874.)

d.      Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.      The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

5

1        3.      Discovery may be taken in accordance with the Federal Rules of

2    Civil Procedure.  No further court order under Federal Rule of Civil Procedure

3    30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4        4.      All communications by plaintiff with the court must be served on

5    defendants, or defendants' counsel once counsel has been designated, by mailing

6    a true copy of the document to defendants or defendants' counsel.

7        5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must

8    keep the court and all parties informed of any change of address and must comply

9    with the court's orders in a timely fashion.  Failure to do so may result in the

10    dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

11    SO ORDERED.

12    DATED:  July 23, 2012

13                            CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Hall, M.12-2340.serve.wpd

6